IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FEDERICO DE JESUS ESTACIO JR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-367-HO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et. al, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at the Snake River Correctional Institution (SRCI) filed a complaint under 42 U.S.C. § 1983 alleging that violation of his constitutional rights. The court ordered plaintiff to file an amended complaint to properly identify the defendants he seeks to hold liable. Defendants now seek judgment on the pleadings on claim one. Defendants assert that plaintiff's amended complaint does not relate back for statute of limitations purposes because plaintiff has failed to serve the newly named defendants

1 - ORDER

within the prescribed period of time.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." For purposes of a motion for judgment on the pleadings, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed false. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436, amended on other grounds by 896 F.2d 1542 (9th Cir. 1989); Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). Judgment on the pleadings is proper when the moving party clearly establishes, on the face of the pleadings, that no material issue of fact remain to be resolved and that it is entitled to judgment as a matter of law. Hal Roach, supra, 886 F.2d at 1436

Defendants assert that plaintiff has failed to serve the defendants within 120 days of the original pleading and that therefore plaintiffs amended complaint cannot relate back to the original complaint for statute of limitations purposes and that the statute of limitations has now expired. The original complaint was filed on March 16, 2005. Plaintiff asserts that he filed summonses and a complaint on the newly named defendants on June 6, 2005. As the court previously noted in its order of September 19, 2005, there is no record that the

complaint plaintiff allegedly filed on June 6, 2005, was ever received or filed by the court. However, the court allowed the action to proceed on the amended complaint attached to plaintiff's motion for relief from judgment and the court must accept plaintiff's allegation that he served the amended complaint on defendants on June 6, 2005, for purposes of this motion. The motion is denied without prejudice at this time. Whether plaintiff actually served defendants in a timely manner to allow for relation back is an issue better suited for summary judgment.

DATED this 6th day of January, 2006.

*Michael C. Hogan*
United States District Judge