IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDRICO ESTACIO,

        Plaintiff,        Civil No. 05-367-HO

        v.        ORDER

STATE OF OREGON, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging that defendants "have shown deliberate indifference and negligence to plaintiff's physical and mental safety while incarcerated." Plaintiff also alleges that this court has "supplemental jurisdiction over plaintiff's state law tort claim." Plaintiff's claims arise out of an alleged assault by a fellow inmate and defendants' alleged failure to provide

1 - ORDER

plaintiff with adequate medical attention after the assault. Plaintiff further alleges that "on several occasions" his legal mail was opened "without plaintiff being present."

Before the court is defendants' "Unenumerated 12B Motion to Dismiss" (#38) for failure to exhaust administrative remedies.

In a letter to the court dated January 12, 2006, plaintiff "states that he has not filed any complaint by the case name Federico De Jesus Estacio, Jr. v. State of Oregon, Case No. 05-367-HO" and therefore requests "the Honorable court to dismiss Case name Federico De Jesus Estacio, Jr. v. State of Oregon because it is not authorized by the plaintiff that he filed it and have any knowledge of it." (sic) <u>See</u>, Letter (#42).

Plaintiff's letter is a conundrum. Plaintiff's signed pro se Complaint (#2) and plaintiff's Second Amended Complaint attached to his Motion for Relief from Default Order and Judgment (#18) list the plaintiff's name in this action as "Federico De Jesus Estacio." Some of the pleadings are captioned "Federico De Jesus Estacio, **Jr.**"

Plaintiff moved to re-open this case after it was dismissed and filed numerous motions and responsive pleadings. Plaintiff filed a motion to compel, dated after his letter requesting that this case be dismissed. Therefore it is

appropriate to decide defendants' motion to dismiss on the merits rather than allow plaintiff's apparent request for voluntary dismissal.

It is well settled that federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); Bennet v. King, 293 F.3d 1096 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

The Oregon Department of Corrections has a grievance system in place to address inmates complaints. See, Defendants' Exhibit 101, Attachment No. 1, OAR 291-109-0100 through 291-109-0140.

Plaintiff's Response (#42) to defendants' motion to dismiss indicates that plaintiff filed grievances as to some of his claims herein. However, defendants' exhibits establish that plaintiff did not **exhaust** (ie. pursue to the final level of the system) his remedies as to any of his claims.

Specifically: Plaintiff did file a grievance over the claim that defendants failed to protect him from assault, but did not pursue the grievance to the final level. See, Defendants' Exhibit No. 101, Affidavit of Hicks at pp. 4 and 4. Plaintiff did not file a grievance regarding prison

3 - ORDER

staff's alleged failure to treat him promptly for his injuries. Id, at p. 3. Plaintiff filed a grievance regarding the opening of his legal mail, but did not appeal the denial of his claim. Id. at p. 3. Plaintiff failed to appeal **any** of his issues to the final level - the Assistant Director level. Id., and Attachment No. 1, p. 6, OAR 291-109-0140(5)(b).

Thus, plaintiff pursued only a small portion of his available administrative remedies and did not exhaust his remedies with respect to any of his claims.

Defendant's Motion to Dismiss for failure to exhaust administrative remedies (#38) is allowed. Plaintiff's claims are dismissed without prejudice to re-open this proceeding at which time, if any, plaintiff exhausts administrative remedies with respect to his claims.[1]

All other pending motions are denied as moot. This proceeding is dismissed.

IT IS SO ORDERED

DATED this __18th__ day of February, 2006.

                               /s/ Michael R. Hogan
                               Michael R. Hogan
                               United States District Judge

---

[1] The court notes that given the applicable time limitations for appealing the denial of administrative grievances, it appears that plaintiff has defaulted his administrative remedies and that it is highly unlikely that plaintiff will be able to exhaust.

4 - ORDER